UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES J. SWAIN,

    Plaintiff,

               Case No.: 19-10248

v.              Honorable Gershwin A. Drain

JON R. SANFORD, *et al*.,

    Defendants.

_____/

### ORDER DENYING MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT [#13], DENYING REQUEST FOR HEARING [#15], DENYING REQUEST TO FILE AFFIDAVIT [#16], DENYING MOTION TO SUBMIT AFFIDAVIT [#17], DENYING MOTION TO EXTEND TIME LIMIT FOR SERVICE [#18], DENYING MOTION FOR SEPARATE DOCUMENT JUDGMENT [#19] AND DENYING REQUEST FOR APPOINTMENT OF MAGISTRATE JUDGE [#20]

## I. INTRODUCTION

Plaintiff James J. Swain is an inmate in the custody of the Michigan Department of Corrections (MDOC). On April 2, 2019, this Court entered an Order granting Plaintiff's Application to Proceed *in Forma Pauperis* and Dismissing Action. ECF No. 10. In its April 2, 2019 Order, the Court concluded that it lacked jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1332.

Presently before the Court are various motions filed by the Plaintiff. *See* ECF Nos. 13, 15-20. Because the Court will deny Plaintiff's motion to amend the

complaint on futility grounds, Plaintiff's remaining motions will likewise be denied.

## II. FACTUAL BACKGROUND

Plaintiff's motion to amend alleges the same facts as those presented in his original Complaint.  Plaintiff asserts that Defendants Jon R. Sanford, an Arkansas attorney, Samuel Pervis, an Arkansas business owner and Mike Colton, a Michigan attorney, have all conspired to convert his property rights.

In November of 2014, Plaintiff was contacted by Defendant Pervis who informed Plaintiff that the State of Arkansas was going to confiscate land he inherited from his father.  Because Plaintiff could not understand exactly what Pervis was proposing, Pervis sent attorney Colton to the correctional facility.

Colton met with Plaintiff and told Plaintiff that he should sign a power of attorney to Defendant Sanford.  Plaintiff agreed to do this so that Sanford could assist with the issues related to the land.  Sanford apparently entered into a lease agreement with Southwestern Energy, whereby Southwestern had the right to extract gas from the land and would make royalty payments to Plaintiff.  Plaintiff claims that he did not know Sanford was involved in making such an arrangement. However, when Plaintiff learned about the agreement, he was satisfied with it for a time because he began receiving $300.00 each month which was deposited into his

prison account. Some of the money from the estate went directly to Sanford as payment for his services.

In November of 2017, Southwestern Energy sent a final back payment to Sanford as Plaintiff's power of attorney and Sanford held on to the funds totaling more than $70,000.00. At this point it appears that the attorney/client relationship began to deteriorate as Plaintiff asked Sanford to purchase a home and a truck for him with the money Sanford held, but Sanford did not execute Plaintiff's requests.

The State Treasurer eventually filed suit against Plaintiff when it determined he had funds within which to pay for his cost and care pursuant to the State Correctional Facility Reimbursement Act, MICH. COMP. LAWS § 800.401 *et seq.* Plaintiff asked Sanford to assist him with the case, however he alleges that Sanford refused because Plaintiff no longer had any money because the State was going to take 90% of his assets.

The State Treasurer was ultimately awarded 90% of Plaintiff's prisoner account assets as reimbursement for his cost and care. Additionally, Sanford was ordered to send $74,115.78 in assets he held from Southwestern Energy. Plaintiff complains that Sanford converted his assets to the State for the "reimbursement case."

### III.    LAW & ANALYSIS

Federal Rule of Civil Procedure 15 governs the amendment of pleadings.  It states in relevant part:

> **(a)    Amendments Before Trial**.
>  (1) ***Amending as a Matter of Course***.  A party may amend its pleading once as a matter of course within:
>
>  (A) 21 days after serving it,
>   (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>  (2) *Other Amendments*.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).  Rule 15(a) is intended to "enable a party to assert matters that were overlooked or were unknown at the time the original complaint or answer was interposed." *Iron Workers Local No. 25 Pension Fund v. Klassic Services, Inc.,* 913 F. Supp. 541, 543 (E.D. Mich. 1996).   Leave to amend should only be denied where "there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Ziegler v. IBP Hog Mkt., Inc*., 249 F.3d 509, 519 (6th Cir. 2001).

Here, leave to amend to add the proposed §1985 and § 1986 claims would be futile.  In order to state a claim under § 1985(3), Plaintiff must allege:  (1) a conspiracy of two or more persons, (2) a racial or other class-based, invidiously discriminatory animus behind the conspirators' actions, (3) an act in furtherance of

the conspiracy, and (4) consequential injury to person or property or deprivation of a right or privilege of a citizen of the United States. *Griffin v. Breckenridge*, 403 U.S. 88, 102-3 (1971).

The Court previously held that Plaintiff's § 1985(3) claim fails because he does not allege that the Defendants possessed racial or otherwise class-based discriminatory animus behind their purported conspiratorial acts. *Id.* at PageID.100 (citing *Unihealth Servs. Corp. v. Califano*, 464 F. Supp. 811 (E.D. La. 1979); *Morrow v. Bassman*, 515 F. Supp. 587 (S.D. Ohio 1981), aff'd without op, 785 F.2d 309 (6th Cir. 1981)).   The conspiratorial animus required for a § 1985(3) claim must be directed at one of two kinds of classes;  (1) "discrete and insular minorities … that receive special protection under the Equal Protection Clause because of inherent personal characteristics, or (2) classes formed by individuals who join together for the purpose of asserting fundamental rights." *In re Jackson Lockdown/MCO Cases*, 568 F. Supp. 869, 882 (E.D. Mich. 1983).  "[A] § 1985(3) claim is not stated merely because deprivation of a fundamental right is alleged; rather the essential allegation must be that conspiratorial action was taken against plaintiff *because* that plaintiff was a member of a class defined by its assertion of fundamental rights." *Id.* (emphasis in original).

Here, Plaintiff's proposed amended allegations are devoid of any conspiratorial action undertaken against him because he is a member of class of

persons joined together for the purpose of asserting fundamental rights.  Rather, Plaintiff's claim is solely based on his status as a prisoner.  Plaintiff's allegations present a conspiracy "motivated by a purely personal animus" as opposed to "animus that is directed at a class of persons, contrary to the essential Fourteenth Amendment principle that all persons are equal before the law[.]"  *In re Jackson*, 568 F. Supp. at 881.

Because Plaintiff cannot state a viable § 1985(3) claim, his § 1986 claim also fails.  *See Carter v. Mich. Dep't of Corr.*, 2013 U.S. Dist. LEXIS 134781 (E.D. Mich. Jul. 11, 2013) (citing *Burgos v. Canino*, 641 F. Supp.2d 443, 458 (E.D. Pa. 2009)(concluding that § 1986 claims depend on an "underlying violation of § 1985, 'if the claimant does not set forth a cause of action under the latter, its claim under the former must also fail.'" *Id*.) (quoting *Rogin v. Bensalem Township*, 616 F.2d 680, 696 (3d Cir. 1980)).

Accordingly, for the reasons articulated above, Plaintiff's Motion for Leave to File an Amended Complaint [#13] is DENIED.

Plaintiff's Request for Hearing [#15] is DENIED.

Plaintiff's Request to Submit Affidavit [#16] is DENIED.

Plaintiff's Motion to Submit an Affidavit [#17] is DENIED.

Plaintiff's Motion to Extend Time Limit for Service [#18] is DENIED.

Plaintiff's Motion to File Separate Document Judgment [#19] is DENIED.

Plaintiff's Request for the Appointment of a Magistrate Judge [#20] is

DENIED.

SO ORDERED.

Dated: May 27, 2020             /s/Gershwin A. Drain
                                GERSHWIN A. DRAIN
                                UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 27, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager